# United States Court of Appeals
## For the First Circuit

No. 15-1542

UNITED STATES,

Appellee,

v.

JOSEPH BURHOE, a/k/a Jo Jo,

Defendant, Appellant.

No. 15-1612

UNITED STATES,

Appellee,

v.

JOHN PERRY,

Defendant, Appellant.

Before
Torruella, Kayatta, and Barron,
Circuit Judges.

**ORDER OF COURT**
**Entered:  November 13, 2017**

Appellants Burhoe and Perry (together, "Appellants") have filed a petition for panel rehearing.  They raise two issues: (1) that the panel overlooked the issue of the district court's refusal to investigate a juror's post-verdict message to defense counsel, and (2) that the panel overlooked the willfulness required to establish the offense of improperly serving as a union representative charged in Count 29.  For the following reasons, the petition is denied.

We begin with the second issue. Appellants argue that the government failed to prove that Appellants acted "willfully," in violation of 29 U.S.C. § 504(b), in that the government did not show that Appellants knew that Burhoe acted with the intent to violate the statute. Appellants contend that the evidence was insufficient to show that Burhoe intended to violate a known prohibition as required to establish that he acted willfully, nor was it sufficient to show that Perry intended that Burhoe act in violation of that known prohibition. We disagree.

The evidence was sufficient to show that Appellants "willfully" violated 29 U.S.C. § 504(b). In their separate renewed motions for judgments of acquittal, both Burhoe and Perry conceded that the evidence showed that they were both generally aware that Burhoe could not hold certain positions with the union. See D. Ct. Dk. 597 at 34 ("The evidence showed that Burhoe was aware that he could not hold certain positions with the union."); D. Ct. Dk. 593 at 10 ("It was clear from Perry's [Teamsters Internal Review Board] testimony that Perry knew that Burhoe was disqualified from acting as a representative" of the union.). In his motion, Burhoe specified that "[h]e never held any official position with the union" and that "he checked with Perry" before he "helped employers" in an unofficial capacity. D. Ct. Dkt. 597 at 34.

The defendants' argument on appeal (and repeated in their petition) was merely that Perry -- and Burhoe, who "checked with Perry" on this point -- were under the impression that, notwithstanding the prohibition of which they were aware, Burhoe "could help fill labor calls and act in response to employer's request." (The reference is presumably to an employer's request to have Burhoe serve as a foreman, see D. Ct. Dkt. 597 at 34; Pet. for Reh'g at 4.) However, there was sufficient evidence showing that Burhoe did more as a representative of the union than help employers fill labor calls and act as a foreman. As detailed in the panel opinion, the record shows that Burhoe repeatedly approached employers on behalf of the union to solicit work for the union's members, and that Burhoe did so while working closely with Perry. There was thus sufficient evidence for the jury to have permissibly found that both Burhoe and Perry willfully violated the statutory prohibition. Therefore, this issue would not have made a difference to the verdict had we addressed it in our opinion.

As to Appellants' argument that the panel overlooked the district court's refusal to investigate a juror's post-verdict message, Appellants are correct that this argument was not addressed in the panel opinion. However, "[t]he purpose of a petition for rehearing, under the Rules of this Court, is to direct the Court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result." NLRB v. Brown & Root, Inc., 206 F.2d 73, 74 (8th Cir. 1953). Here, as with Appellants' argument above, had it been addressed, the outcome would have been no different. Following the verdict in Appellants' jury trial, a deliberating juror left a voicemail message for Burhoe's counsel, which stated that:

> I'm one of the jurors who was on the, uh, the Local 82 case and, um, I guess I wanted to talk with you about, um, some interesting things that went on, uh, in the jury room that, uh, I think would help you in the future, um, or some of the other lawyers and actually wanted to ask if I could get in touch with one of the other lawyers.

The juror asked counsel to call her back "if you're allowed to talk to me." Appellants argue that the district court's denial of their motions to either allow counsel to return the juror's call, or for the court to inquire of the juror in the presence of counsel, was erroneous.

We review a district court's denial to conduct an appropriate inquiry as to jury taint for abuse of discretion. United States v. Paniagua Ramos, 251 F.3d 242, 249 (1st Cir. 2001). As this Court reiterated in United States v. Zimny, "[a] defendant bears the burden of coming forward with an allegation of juror misconduct that is colorable or plausible." 846 F.3d 458, 464 (1st Cir. 2017) (citing United States v. Mikutowicz, 365 F.3d 65, 75 (1st Cir. 2004)). Where a defendant makes a colorable or plausible claim of jury taint or juror misconduct, the district court has an obligation to investigate it. Id.

Here, the district court correctly denied Appellants' motion. While Appellants point to the small portion of the voicemail message when the caller stated that "some interesting things . . . went on . . . in the jury room . . . ," read in context, it cannot be said that the voicemail message provides substantial evidence of juror misconduct or jury taint. Appellants conjecture as to what the message could mean, fathoming that "if the 'interesting things' included extraneous information or improper conduct, the verdict on Count 29 . . . could have been impacted." Unlike in Zimny, in which the district court was made aware of an actual allegation of specific juror misconduct, here we have only speculation that something "interesting" (to know for future trials) means something improper. There was no reason for the district court to conclude, to any reasonable degree of certainty, that this call created the "extraordinary situation[]" necessary to allow for attorney post-verdict contact with juror. United States v. Kepreous, 759 F.2d 961, 967 (1st Cir. 1985).

Given that there was no abuse of discretion on the part of the district court, we cannot conclude that, had it been addressed in the panel opinion, this issue would have made a difference to the verdict. As Appellants fail to provide a legitimate basis for panel rehearing, we deny the petition for rehearing.

By the Court:
/s/ Margaret Carter, Clerk

cc:
Hon. Denise Jefferson Casper
Robert Farrell, Clerk, United States District Court for the District of Massachusetts
Miriam Conrad
Judith H. Mizner
Joseph Burhoe
Christine DeMaso
Timothy E. Moran
Susan G. Winkler
Dina Michael Chaitowitz
Laura Jean Kaplan
Randall Ernest Kromm
Ross Brandon Goldman

Matthew D. Thompson
Thomas J. Butters
Michael R. Schneider
Jeffrey Harris